IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-70-BO

| | |
|---|---|
| SHARELL FARMER,<br>        Plaintiff, | )<br>)<br>) |
| v. | )     **O R D E R** |
| | ) |
| TROY UNIVERSITY,<br>        Defendant. | )<br>) |

This matter is before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, [DE 8]. The matter has been fully briefed and is ripe for ruling. For the reasons discussed below, the motion to dismiss is granted and the complaint is dismissed.

## BACKGROUND

On February 9, 2017, plaintiff filed a complaint alleging two retaliation claims against defendant Troy University. [DE 1]. Plaintiff brought a claim of retaliation pursuant to Section 1981 of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and a second claim of retaliation pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et seq. Id.*

Plaintiff was employed by defendant Troy University as a recruiter in its Fayetteville, North Carolina office. In his complaint, plaintiff alleges that on May 22, 2015, he emailed Kara Hall in Troy University's Human Resources Department and set forth several concerns about the work environment at the recruiting office for which he worked. [DE 1 at ¶ 8]. Plaintiff first noted his concern that the local manager and her assistant referred to a student as a "faggott," which plaintiff believes is "discriminatory against gay people." *Id.* at ¶ 9. Plaintiff also told Kara Hall that the same manager and assistant discussed "penis sizes of black and white men" with a

student, which plaintiff believes is "discriminatory with regards (sic) to both the plaintiff and the student." *Id.* at ¶ 10. Finally, plaintiff complained that the manager told him that Troy University's site in Fayetteville, North Carolina was a "site of all blacks . . . referring to the racial composition of the staff," that "things would have been different if [the site's staff] were a white . . .," and that Troy University is "racist" and "the school was even on a road named after a public racist." *Id.*

Ms. Hall acknowledged receipt of plaintiff's email on May 22, 2015 and interviewed him regarding his concerns on June 4, 2015. *Id.* at ¶ 13, 15. According to plaintiff, unnamed persons then engaged in retaliation by disciplining him with a written warning and suspending him, *id.* at ¶ 16–17, and also by changing his schedule to "his detriment" and to be "less favorable than other employees who had not filed discrimination allegations." *Id.* at ¶ 18. Plaintiff further alleges that on September 9, 2015, Ms. Gainey notified him that his employment was terminated and that this was an act of retaliation. *Id.* at ¶ 23.

On March 31, defendant moved to dismiss plaintiff's first claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2), arguing that the Eleventh Amendment bars the claim because defendant is a public corporation or governmental entity of the state of Alabama. [DE 8]. Defendant also moved to dismiss both claims pursuant to Rule 12(b)(6). *Id.*

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the

2

pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Although the Court must construe the complaint of a *pro se* plaintiff liberally, such a complaint must still allege "facts sufficient to state all the elements of [her] claim" in order to survive a motion to dismiss. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss so long as they are integral to the complaint and authentic. Fed. R. Civ. P. 10(c); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). A court ruling on a motion to dismiss under Rule 12(b)(6) may also properly take judicial notice of matters of public record. *Sec'y of State for Defence*, 484 F.3d at 705.

Defendant first moved pursuant to Rule 12(b)(1) to dismiss plaintiff's claim under 42 U.S.C. § 1981, arguing that, as a state university and an agency or instrumentality of the state of Alabama, defendant is immune against such a claim under the Eleventh Amendment. *See Williams v. Bennett*, 689 F.2d 1370 (11th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983); *Pennhurst State Sch. & Hosp. v. Halderrnan*, 465 U.S. 89, 121 (1984); *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Edelman v. Jordan*, 415 U.S. 651, 672 (1974); *Massler v. Troy State University*, 343 So. 2d 1 (Ala. 1977). Plaintiff admits that defendant is a state entity and immune from suit. [DE 10 at 1]. Accordingly, plaintiff's first claim under Section 1981 is dismissed.

Defendant next moved to dismiss plaintiff's second claim pursuant to Rule 12(b)(6), arguing that the complaint fails to state a claim under which can be granted. Plaintiff's second cause of action alleges retaliation in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, *et seq.* ("Title IX"). Title IX provides, with certain exceptions, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). In *Preston v. Virginia ex rel. New River Community College*, the Fourth Circuit recognized a cause of action under Title IX for retaliation

4

against the victim of sex-based discrimination. 31 F.3d 203 (4th Cir. 1993). Courts have generally applied Title VII standards and burdens to Title IX cases. *Id.* To establish a plausible Title IX retaliation claim, therefore, a plaintiff must allege sufficient facts to show: (1) engagement in a protected activity; (2) an adverse action; and (3) a causal connection between the protected activity and the adverse action. *See Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).

A claim of hostile work environment is only actionable under Title IX if the alleged hostility amounts to sex-based discrimination. *See Jennings v. Univ. of N. Carolina*, 482 F.3d at 695; *see also Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (1998) ("[T]he critical issue [in a sexual harassment claim under Title VII] is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed."). Similarly, a claim of retaliation under Title IX only lies where the claimant suffers "retaliation based on the filing of a complaint of gender discrimination." *Preston*, 31 F.3d at 206 n.2.

In *Jackson v. Birmingham Board of Education*, the Supreme Court held that Title IX provides a private right of action for school employees who assert complaints of sex-based discrimination on behalf of students and who are subsequently subjected to adverse employment action because of the complaints of discrimination. 544 U.S. 167, 174 (2005) ("When a funding recipient retaliates against a person because he complains of sex discrimination, this constitutes intentional 'discrimination' 'on the basis of sex,' in violation of Title IX."). As the Court observed, "sometimes adult employees are the only effective adversaries of discrimination in schools." *Id.* at 181.

Therefore, to establish a Title IX claim on the basis of retaliation on behalf of a student, a plaintiff must show that (1) a student was at an educational institution receiving federal funds, (2) the student was subjected to harassment based on his or her sex, (3) the harassment was sufficiently severe or pervasive to create a hostile (or abusive) environment in an educational program or activity, and (4) there is a basis for imputing liability to the institution. *Jennings*, 482 F.3d at 695.

Harassment reaches the sufficiently severe or pervasive level when it creates "an environment that a reasonable person would find hostile or abusive" and that the victim herself "subjectively perceive[s] . . . to be abusive." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). Whether gender-oriented harassment amounts to severe or pervasive discrimination "depends on a constellation of surrounding circumstances, expectations, and relationships." *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 651 (1999) (quoting *Oncale*, 523 U.S. at 82). All the circumstances are examined, including the positions and ages of the harasser and victim, whether the harassment was frequent, severe, humiliating, or physically threatening, and whether it effectively deprived the victim of educational opportunities or benefits. *See Davis*, 526 U.S. at 650–51; *Harris*, 510 U.S. at 23. These standards for judging hostility ensure that Title IX does not become a "general civility code." *Oncale*, 523 U.S. at 80.

In this case, plaintiff alleges in support of his Title IX claim a single incident in which the local manager and her assistant held an inappropriate conversation in front of a student. [DE 1 at ¶ 10]. Typically, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminat[ion]." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks omitted). However, the Fourth Circuit has held that "an employee is protected from retaliation when she reports an isolated incident of harassment that is

6

physically threatening or humiliating, even if a hostile work environment is not engendered by that incident alone." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 268 (4th Cir. 2015).[1] Therefore, "[e]mployees who reasonably perceive an incident to be physically threatening or humiliating do not have to wait for further harassment before they can seek help from their employers without exposing themselves to retaliation." *Id.* at 288.

Under this standard, "when assessing the reasonableness of an employee's belief that a hostile environment is occurring based on an isolated incident, the focus should be on the severity of the harassment," and an employee should only be deemed to have a reasonable belief that severe harassment is occurring "if the isolated incident is physically threatening or humiliating." *Boyer-Liberto*, 786 F.3d at 284.

The Court cannot conclude that the single incident alleged here is sufficiently physically threatening or humiliating such that it constitutes a plausible claim of harassment under Title IX. The complaint alleges that two administrators, while talking generally about the penis sizes of men of varying races in front of a student, tauntingly suggested that the student show them his penis. The complaint states that the student was "offended" by these remarks, [DE 1 at ¶ 10], and the student himself stated that the conversation made him feel "uncomfortable" and that he was "not sure if they were joking or serious." [DE 1-1]. While offensive and inappropriate, this single incident was not physically threatening as it was not accompanied by any physical touching or threatened physical contact. Nor was this incident humiliating, because the student himself stated that he felt, at the most, offended or uncomfortable and continued visiting the recruitment office (albeit less often). *Id.*

---

[1] The Court is not aware of any court which has applied the holding of *Boyer-Liberto*, which concerned a retaliation claim under Title VII, to a claim of retaliation under Title IX. However, because courts have generally applied Title VII standards and burdens to Title IX cases, *Preston*, 31 F.3d 203 (4th Cir. 1993), the Court will apply *Boyer-Liberto* to this case.

7

Rather than constituting the type of "very serious" conduct that constitutes sexual harassment under Title IX, this Court instead considers this to be the type of offensive utterance that is not actionable. As the Supreme Court has discussed in discussing harassment under Title VII, these anti-discrimination statutes were not meant to establish "a general civility code" that prohibits every potentially offensive or unprofessional comment. *Oncale*, 523 U.S. at 81. Rather, as the courts have continually affirmed, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminat[ion]." *Faragher*, 524 U.S. at 788 (internal quotation marks omitted). And, as the Fourth Circuit has explained, "[o]f course, a single offensive utterance . . . generally will not create a hostile environment without significant repetition or an escalation in the harassment's severity." *Boyer-Liberto*, 786 F.3d at 284.

The Court therefore finds that the incident complained of does not constitute harassment under Title IX, and additionally finds that plaintiff could not have reasonably believed that he had opposed unlawful activity when he complained about the conversation to his superiors. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268 (2001); *Session v. Montgomery Cnty. Sch. Bd.*, 462 Fed.Appx. 323 (4th Cir. 2012). Therefore, because plaintiff has not alleged a plausible claim of harassment under Title IX, the Court need not reach the other elements of retaliation under Title IX. As no other claims remain, the complaint must be dismissed in its entirety.[2]

---

[2] Because plaintiff conceded in his response that the complaint about the manager's alleged use of the term "faggott (sic)" does not constitute a protected complaint of gender discrimination under Title IX the Court need not reach this claim of alleged harassment. [DE 10].

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 8] is GRANTED. The Clerk is DIRECTED to close the case.

SO ORDERED, this _15_ day of August, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE